# BERWIND-WHITE COAL MINING COMPANY
### *v.*
# BORINQUEN SUGAR COMPANY.

San Juan, Equity, No. 897.

#### ON CONFLICTING CLAIMS TO RENT.

Lease—Civil Law.

1. Under the civil law a lease is a personal contract of hiring, and does not convey any interest in the land. A purchaser may affirm a lease by collecting the rent, or may disaffirm the lease by ignoring it; but if the lease is so terminated, the lessee has the right to finish his crop and to recover damages against the lessor.

Lease—Record.

2. It is not necessary to the validity of a lease that it be recorded, but under the civil law leases of real property not recorded have no effect.

Lease—Third Parties.

3. Under the Porto Rico mortgage law leases must be recorded if for a period over six years, where the rent has been paid in advance for three years, or record as agreed upon; and in such case the lease becomes an interest in real property.

Subleases.

4. The law as to recorded leases applies to subleases and instruments affecting real property.

Mortgage Law—Third Persons.

5. A third person under the Porto Rico mortgage law in some respects resembles a bona fide purchaser for value at the common law.

Land Owner—Registration.

6. A landowner has the right to convey any interest in his prop-

---

NOTE.—On the question whether a lease is a conveyance within meaning of recording statutes, see note in 24 L.R.A.(N.S.) 879.

Berwind-White Coal Min. Co. v. Borinquen Sugar 'Co.

erty, and this is good against the world, except so far as the recording statutes protect a third party.

Opinion filed July 1, 1913.

Mr. *J. H. Brown* for H. I. Sewall.

Mr. *Juan de Guzman Benitez* for José Quiñones Cabezudo.

HAMILTON, Judge, delivered the following opinion:

This cause comes on to be heard upon a question of Hernand Behn, receiver for the Borinquen Sugar Company heretofore appointed by this court. The receiver in the discharge of his duties in administering this trust found himself in the possession of property called the San Antonio estate, which was rented by the Borinquen Sugar Company from José Gonzalez. Prida for fifteen years, by a lease dated March 29, 1911. The rental was to be $5,500 per annum.

The receiver is met by conflicting claims from Harold I. Sewall and José Quiñones Cabezudo, each for the semi-annual rent for the period from July to December, 1912, inclusive, and he now petitions this court for instructions. The court directed notice to issue to each of the claimants, directing them to propound their respective claims, and they have done so. Under the undisputed facts, it seems that Sewall's claim originates in his purchase of the whole property May 27, 1912, from Prida, and Cabezudo's claim originates in an assignment of the rent for the six months in question by Prida to Cabezudo on October

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

30, 1911. The question in the case is as to which of these acts of Prida controls the rental for the six months in question.

There does not seem to be any real dispute as to the facts of the case. On March 29, 1911, Prida màde his lease to the Borinquen Company for fifteen years, as above stated, and this lease was duly registered. On March 9, 1911 (possibly a misprint for March 29), the Borinquen Company subleased for five years a part of the property to one Salamanca at the annual rental of $4,750, and Salamanca subsequently assigned his lease back to Prida, who thus became for the term of five years both owner and lessee. Neither of these last papers was registered or recorded. On October 30, 1911, Prida assigned the rent for the period from July to December, 1912, to Cabezudo for a full and adequate consideration. The Borinquen Company was notified on or about the same day. Finally, on May 27, 1912, Prida made a complete sale of the whole property, mentioning the Borinquen Company lease, to Sewall, without any further reservation except that the instrument states the rent was not to enure to Sewall until June 30, 1912. Prida had become a quasi-colono of the Borinquen Company, agreeing to furnish cane on certain terms; and at the same time that Sewall purchased from Prida, Sewall agreed to take over the cane contract, with all the stock and machinery incident thereto. To protect himself against any harm, Sewall reserved $711 of the amount he was to pay Prida. The arrangement as to cane was not carried out before July, 1912, and Cabezudo contends that it never has been carried out. Sewall was ignorant of Prida's assignment of the semi-annual rent to Cabezudo until he was notified by the Borinquen Company in December, 1912. The receiver is in doubt to whom to pay the

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

rent for the six months in question, and in this way the matter comes up for adjudication by this court.

The question, of course, is not governed by the common law, but by the civil law, and particularly by the Civil Code of Porto Rico, and by the Mortgage Law, which controls so much of the conveyancing in Porto Rico.

1. While by the common law a lease conveys an interest in land, this is not true under the law of Porto Rico. Civil Code of Porto Rico, §§ 1445, 1446. A lease is a mere personal contract of hiring; and when the land is sold by the owner, the purchaser may either collect the rent or ignore the lease. In case, however, the purchaser terminates the lease in this way, the lessee has the right to finish his crop, and has recourse over against his lessor for the damages he has suffered. Civil Code, § 1474.

2. Neither at common nor at civil law is it usually necessary to record a lease, but the Civil Code, § 1452, provides that "with regard to third persons, leases of real property which are not duly recorded in the registry of property shall be of no effect." If this stood alone, it would seem that Sewall is not bound by a previous unrecorded lease of which he had no knowledge.

3. But it does not stand alone. In the Mortgage Law we find (art. 2, subdivision 5) that "there shall be inscribed . . . contracts for lease of real property for a period in excess of six years, or those in which rent has been paid in advance for three or more years, or when, without having any of these conditions, there is an express agreement with the parties that they be inscribed." Does the assignment of rental by Prida to Cabezudo come within any of these three cases? If it does,

then according to the commentator Manresa (10 Commentaries, pp. 479 and 637) it becomes a real right or interest in real property; and to the same effect is Galindo in his Commentaries on the Mortgage Law, vol. 1, pp. 437–439.

4. Art. 30 of the Regulations of the Mortgage Law provides:

"The provisions of paragraph 5 of article 2 of the law with respect to the inscription of contracts of leases shall also be applicable to those of sublease, subrogations, assignments, and reassignments of leases, whenever they have the conditions expressed in said paragraph, but there should be made in this case not a new inscription; but a marginal note to the inscription already made of the original lease."

Art. 27 of the Regulations provides:

"In accordance with paragraphs 1, 2, and 3 of article 2 of the law, not only must instruments be recorded creating, acknowledging, conveying, modifying, or extinguishing, ownership or property rights mentioned in said paragraphs, but also any others relating to rights of the same character, such as the acquisition of estates, half of which are to be reserved on account of entail, definite concessions of mines, railroads, public works, water, pasture, and other similar rights, awards in payment of debts in accordance with the proceedings in general assignments or bankruptcy, concessions of crown lands, the right of antichresis, that of reconveying estates sold with a covenant of resale, or, in fact, any legal instrument or contract which, without having a proper name in law, modifies at once or in the future some of the privileges of the ownership of real estate or property rights."

5. Art. 23 of the Mortgage Law further provides that instruments mentioned in arts. 2 and 5 not so registered shall not

affect third persons, who are defined in art. 27 as follows: "For the purposes of this law, those who have not participated in the recorded instrument or contract shall be described as third persons." Sewall is such a third person.

It does not appear, therefore, that the sublease to Salamanca, and by him assigned to Prida, was such as should be inscribed under the law, for it was not in excess of six years, the rent was not paid in advance, nor was there any agreement for inscription. Nor did the assignment of the rent for six months come under the regulations of the Mortgage Law, for it also did not have the conditions or provisions of the paragraph in question. The assignment not being inscribable, therefore, what is the effect upon third persons like Sewall?

On the one hand, Prida, being owner of the reversion, and for the time being at least, of the rental, had the right to assign anything connected with it that he saw proper. On the other hand, when Sewall bought the place, he was entitled to the fruits or rents for the future. Which of these two principles controls this case?

6. If it were a question of a conveyance of interest in land, the decision would be plain. The owner has a right to convey any interest he pleases, and this is good against the world except so far as the statutes of registration or inscription protect a third party purchasing bona fide in the meantime. But under the civil law of Porto Rico, rent, and of course its assignment, is not an interest in land, but a personal claim or debt, and, to be protected, the claimant must come within the principle of a third party, that is, bona fide purchaser without notice. The deed carried with it the assignment of the future rent to Sewall, and Cabezudo can be protected only by showing him-

self to be a bona fide purchaser for value without notice. It would appear that he is such a purchaser. He paid full value to Prida, who at that time was the owner, and had the right to assign the rent, and certainly was without notice of a sale which had not taken place. It is true that Sewall would ordinarily have the right as purchaser to disaffirm the lease, but in this instance he bought subject to the lease to the Borinquen Company, and necessarily to all assignments of any instalments of it in the hands of bona fide purchasers.

Under ordinary circumstances the court would have ordered the receiver to pay the money into court, and then direct the claimants to litigate between themselves; but the parties have submitted themselves to the jurisdiction of the court, and have agreed that the matter should be decided here. Accordingly it is decreed that Cabezudo is entitled to the rent for the period in question, and that Sewall is without any interest in the matter.

The receiver is therefore directed to pay the six months' rents in question to Cabezudo, and Sewall is prohibited from propounding any claim thereto in any forum. It is accordingly so ordered.